Filed 03/26/26

**VERMONT SUPERIOR COURT**                    CIVIL DIVISION
Rutland Unit                                  Case No. 25-CV-02368
83 Center St
Rutland VT  05701
802-775-4394
www.vermontjudiciary.org



| Scott Foucher, Jr. v. Nicholas Deml, Commissioner |
|---|

## ENTRY REGARDING MOTION

Title:       Motion to Dismiss  (Motion: 2)
Filer:       Rebecca J. Ronga
Filed Date:  August 14, 2025

Following a hearing, Defendant the Vermont Department of Corrections (DOC) determined that Plaintiff–Inmate Scott Foucher violated his community supervision furlough conditions, he was returned to the facility, and he was "case-staffed" for a furlough "interruption" exceeding 90 days.  Mr. Foucher then filed this action seeking review of the length of the interruption pursuant to 28 V.S.A. § 724(c).  Review is available under § 724(c) if the interruption is at least 90 days and the violation of conditions is, in the statutory parlance, "technical," 28 V.S.A. § 724(c)(1), meaning that it "does not constitute a new crime," *id*. § 722(4).  The State then filed a Rule 12(b)(1) motion to dismiss arguing that review is not available because Mr. Foucher's violation does constitute a new crime.

At the time of Mr. Foucher's revocation hearing, he had been charged criminally with 3 misdemeanors in the case docketed at 24-CR-12926, the alleged underlying conduct of which occurred while he was on furlough.  As for the revocation of his furlough, as relevant here, he was charged with violating condition 01 and special condition 36D.  Condition 01 is famous.  It provides: "I will not be cited or charged; I will not commit any act punishable by law, including city and municipal code violations."  Special condition 36D is: "I will not initiate or maintain contact with female persons under the age of 18 years . . . ."

Mr. Foucher pleaded not guilty, and a hearing was held.  The hearing officer did not make findings about the underlying conduct, and he did not expressly find that Mr. Foucher had engaged in conduct on furlough that amounts to a new crime.  He did find that Mr. Foucher was cited or charged with new crimes and thus found him guilty of violating his conditions.[1]

The parties have spilled a lot of electronic ink on the oft-litigated, but so far never appealed to the Supreme Court, question of precisely what a 28 V.S.A. § 722(4) technical violation means and when and how a trial court might properly determine in a § 724 proceeding that a violation of furlough conditions amounts to a new crime.  In this case, Mr. Foucher argues that being charged or cited with a crime cannot itself demonstrate that a crime was committed.  The point is salient.  It is not a crime to be accused of committing a crime.  In that regard, the reasoning in decisions such as *Collins v. Deml*, No. 24-CV-837, 2024 WL 3489549 (Vt. Super. Ct. July 1, 2024) (Hoar, J.) is highly persuasive.

In short, if there is no admission to having committed a new crime, no finding by the hearing officer that a new crime was committed, no findings by the hearing officer as to what the underlying conduct was such that the court can make its own determination about whether a new crime was

---

[1] As far as the court can tell, he also found that Mr. Foucher violated special condition 36D insofar as he had been accused of conduct that would violate that condition.

committed, or no determination of guilt in a related criminal case, there would be nothing in an action under § 724 to support any determination that the underlying conduct that violated conditions also amounted to a new crime. Section 724 affords the appellant no process by which to contest any *new* allegation on appeal that the appellant committed a crime while on furlough.

At the time that the State filed its motion to dismiss, that was the status quo. Nothing in the record would have demonstrated that Mr. Foucher's underlying conduct amounted to a new crime. Hence, the court would have been compelled to conclude that his violation of conditions was technical. Section 724 review thus would be available, and this case would have proceeded to the merits.

At this point, underlying events have overtaken this case. On January 22, 2026, Mr. Foucher pleaded guilty to 2 of the charges in the related criminal case arising out of the same conduct as gave rise to his violation of conditions. However we got here, it is thus apparent that Mr. Foucher's underlying conduct *did* amount to a new crime. His violation of furlough conditions was not technical, and review under § 724 is not available.

## Order

For the foregoing reasons, the State's motion to dismiss is granted.

Electronically Signed on: Thursday, March 26, 2026 pursuant to V.R.E.F. 9(d).

_____
Susan A. McManus
Superior Court Judge